Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8705 | **DATE** | 3/11/2004 |
| **CASE TITLE** | Ourhouse Inc vs. UAL Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, the 11/5/03 order of the bankruptcy court is not appealable; and therefore, the appeal is dismissed. Enter Memorandum Opinion and Order. Status hearing set for 4/8/04 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 16 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| MF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **DOCKETED** |
| UAL COPORATION, et al., | ) | MAR 1 6 2004 |
| Debtors/Appellees. | ) | |
| | ) | Case No. 03 C 8705 |
| UAL CORPORATION, et al., | ) | |
| | ) | Honorable John W. Darrah |
| Plaintiffs/Appellees, | ) | |
| v. | ) | |
| OURHOUSE, INC., | ) | |
| Defendant/Appellant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the appeal of an interlocutory order of the bankruptcy court of November 5, 2003, by Ourhouse, Inc. For the reasons that follow, the appeal is dismissed for lack of jurisdiction.

In March 2002, Ourhouse filed suit against one of the Debtors, UAL Loyality Services, Inc. ("ULS"), in the Circuit Court of Cook County seeking damages allegedly incurred in connection with ULS's acquisition of MyPoints.com, Inc. (the "Original Lawsuit"). On December 9, 2002, the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Court for the Northern District of Illinois. As a result of the bankruptcy filing, the Original Lawsuit was stayed pursuant to the automatic stay of Section 362 of the Bankruptcy Code.

On July 24, 2003, Ourhouse filed a complaint in the Circuit Court of Cook County, Illinois, (the "Second Lawsuit") against Richard J. Poulton, Douglas A. Hacker, John D. Stuart, John H. Fullmer, Layton S. Han, and Craig S. Stevens (collectivey the "D & O Defendants"), all of who were or are officers and/or directors of the Appellees ("Debtors"). The Second Lawsuit alleged that the D & O Defendants committed acts of fraud in relation to the acquisition of MyPoints.com, Inc. All of Ourhouse's claims against the D & O Defendants are against such defendants individually, not in their capacity as officers and/or directors of the Debtors.

On September 11, 2003, the Debtors filed a Complaint for Permanent Injunctive Relief or, In the Alternative, to Extend the Automatic Stay and an Emergency Motion for a Permanent Injunction of the Ourhouse Complaint or, In the Alternative, to Extend the Automatic Stay. In their motion, the Debtors argued that the Second Lawsuit should be stayed because: (1) there was a risk that the Debtors would have to indemnify the D & O Defendants for an adverse judgment against them; (2) the litigation could exhaust Debtors' directors' and officers' insurance policies; and (3) the litigation would divert the time and attention of two D & O Defendants, who are key personnel that are necessary to the Debtors' reorganization.

Ourhouse opposed the motion, arguing that: (1) the Debtors did not demonstrate that there was an absolute right of indemnification because the D & O Defendants could not be indemnified for the *ulta vires* and bad faith actions alleged in the Second Lawsuit; (2) the Debtors' motion did not even attach the alleged directors' and officers'policies which purportedly would cover the acts alleged in the Second Lawsuit; (3) the Debtors did not show that the Second Lawsuit would have diverted key personnel involved in the Debtors' reorganization; (4) six of the D & O Defendants no longer worked for the Debtors in any capacity; and (5) the Debtors did not describe the work

performed for the reorganization by the two D & O Defendants who remained employed by the Debtors.

On October 24, 2003, the bankruptcy court judge stated, in open court, that it was granting the Debtors' injunction motion and staying the Second Lawsuit because the Second Lawsuit was inextricably intertwined with the Original Lawsuit and presented the risk of inconsistent adjudications and of diverting the Debtors' assets and personnel to the detriment of Debtors' reorganization. On November 5, 2003, the bankruptcy court entered an order granting the Debtors' injunction motion for the reasons stated in open court on October 24, 2003.

In November 2003, Ourhouse filed the present appeal, arguing that the bankruptcy court abused its discretion in granting the Debtors' injunctive relief.

Initially, the Debtors argue that this Court lacks jurisdiction over this appeal.

The district courts have discretion to hear appeals from interlocutory orders and decrees of the bankruptcy court. 11 U.S.C. § 153(a)(3). Generally, courts use the standards set forth in 28 U.S.C. § 1292(b) in determining whether to exercise their discretion under Section 153(a)(3). *See In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (*In re Brand Name*); *BA Leasing Parties v. UAL Corp.*, 2003 WL 22176068 (N.D. Ill. Sept. 15, 2003) (*BA Leasing*). Section 1292(b) provides for appellate review of non-final orders when (1) the order appealed involves a controlling question of law, (2) there is a substantial ground for difference of opinion on that question of law, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See In re Brand Name*, 878 F. Supp. at 1081.

Leave to appeal an interlocutory order should not be granted absent exceptional circumstances, and granting such an appeal should be done sparingly. *See In re Brand Name*, 878 F. Supp. at 1081; *BA Leasing*, 2003 WL 22176068 at *5.

A controlling question of law means a question of law that is "serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991), quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3rd Cir. 1974). The question of whether the bankruptcy court properly stayed the Second Lawsuit constitutes a controlling question of law because it is, at the minimum, practically serious to the conduct of the litigation between the parties.

In determining whether there are substantial grounds for a difference of opinion with respect to the issue before the court, the court must determine whether there is a difficult central question of law which is not settled by controlling authority of the sitting court. *See In re Brand Names*, 878 F. Supp. at 1081.

In the instant appeal, the central question is whether the bankruptcy court abused its discretion in granting the stay of the Second Lawsuit. Ourhouse fails to show that there exists a difficult central question of law which is not settled in the Seventh Circuit. In fact, Ourhouse identifies the controlling case which sets forth the factors that the bankruptcy court should consider in deciding whether a stay is appropriate; and the bankruptcy court here considered such factors. Accordingly, there is not a substantial ground for a difference of opinion with respect to the issue before the Court. *See Praxair, Inc. v. Hinshaw & Culbertson*, 1997 WL 662530 (N.D. Ill. Oct. 15, 1997); *Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072 (N.D. Ill. Nov. 19, 1996) (denying interlocutory appeal, in part, because the appellant failed to demonstrate that substantial grounds for a difference of opinion on the issue existed).

Furthermore, Ourhouse has not identified any "exceptional circumstances" that would justify an exercise of jurisdiction over the bankruptcy court's interlocutory order or that an exercise of jurisdiction would materially advance the ultimate termination of the Second Lawsuit. A prompt decision by this Court would not save the parties much time and expense and would not prevent "some irreparable harm" to Ourhouse. *See BA Leasing*, 2003 WL 22176068 at *5; *In re Huff*, 61 B.R. 678, 683 (N.D. Ill. 1986).

For the foregoing reasons, the November 5, 2003 order of the bankruptcy court is not appealable; and, therefore, the appeal is dismissed.

Date: March 11, 2004

John W. Darrah, Judge
United States District Court